**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| DERRICK B. ALLEN, | Case No. 2:22-cv-01465-GMN-EJY |
| Petitioner, | **ORDER** |
| v. | |
| UNITED STATES DISTRICT COURT DISTRICT OF NEVADA, et al., | |
| Respondents. | |

Petitioner Derrick B. Allen ("Allen" or "Petitioner" or "Plaintiff"), who is incarcerated at Southern Desert Correctional Center, commenced this action by filing an incomplete application to proceed *in forma pauperis* ("IFP") for inmate (indicating that he was filing a 42 U.S.C. § 1983 action), a notice of appeal to the United States Court of Appeals for the Ninth Circuit, an informal opening brief to the United States Court of Appeals for the Ninth Circuit, an application for leave to file a second or successive 28 U.S.C. § 2254 or motion under 28 U.S.C. § 2255 to the United States Court of Appeals for the Ninth Circuit, a financial affidavit, and a motion for appointment of counsel to the United States Court of Appeals for the Ninth Circuit. (ECF Nos. 1, 4-1, 4-2, 5, 6, 7.) On September 14, 2022, this Court denied Allen's incomplete IFP application, granted Allen an extension of time to file a complete IFP, and (believing Allen was attempting to pursue a civil rights action) ordered Allen to file a 42 U.S.C. § 1983 complaint. (ECF No. 3.) In response, Allen paid the habeas filing fee, filed a 28 U.S.C. § 2254 petition for writ of habeas corpus, another incomplete IFP application (indicating that he was filing a 42 U.S.C. § 1983 action), a civil rights complaint by an inmate, and a complaint for a civil case. (ECF No. 9, 10, 10-1, 10-2.) This case presents many issues warranting dismissal without prejudice.

**A. BACKGROUND**[1]

Allen was convicted and sentenced by the Eighth Judicial District Court for Clark County ("state court"). *State of Nevada v. Derrick Allen*, Case No. C-22-361848-1. On May 11, 2022, the state court entered a judgment of conviction, pursuant to a guilty plea, for first-degree murder. Allen was sentenced to 20 to 50 years in prison. Allen appealed on June 29, 2022. The Nevada Supreme Court dismissed Allen's appeal on July 22, 2022, in Case No. 84964, because it was untimely filed. Remittitur issued on August 16, 2022. It does not appear that Allen has filed a state post-conviction petition.

**B. DISCUSSION**

Allen cannot pursue both types of claims—a civil rights complaint and a petition for writ of habeas corpus—in the same case. *See Nettles v. Grounds*, 830 F.3d 922, 927 (9th Cir. 2016) (reiterating that "habeas is the exclusive vehicle for claims brought by state prisoners that fall within the core of habeas, and such claims may not be brought in a § 1983 action"); *Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005) (holding that "a state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration"). Allen may pursue either a habeas petition <u>or</u> a § 1983 complaint in a case but not both. He must file these actions in separate cases. This Court dismisses this action without prejudice— rather than giving Allen a chance to indicate which type of action he would like to pursue under

---

[1] The procedural history in this section is derived from Allen's allegations as well as his criminal matters in the Eighth Judicial District Court and Nevada appellate courts. The docket records may be accessed by the public online at: http://caseinfo.nvsupremecourt.us/public/caseSearch.do and https://www.clarkcountycourts.us/Anonymous/default.aspx. This Court takes judicial notice of these online docket records.

the current action—because neither his habeas petition nor his § 1983 complaint have been properly commenced.

Regarding his petition for writ of habeas corpus, the petition was not signed and verified by Allen. Rather, it was signed and verified by his mother, Nancy L. Allen. 28 U.S.C. § 2242 recognizes the right of one person to sue for habeas corpus to secure the release of another person. "However, that right exists only when the application or complaint for the writ sets forth some reason or explanation satisfactory to the court showing why the detained person does not sign and verify the complaint." *Wilson v. Dixon*, 256 F.2d 536, 537–38 (9th Cir. 1958). Allen's mother does not explain why she signed the petition. She only states that Allen "can't be here today." (ECF No. 9 at 16.) Additionally, the petition also does not name the proper respondent. Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that "the petitioner must name as respondent the state officer who has custody." Allen named this Court as the respondent, rather than Gabriela Najera, the warden of Southern Desert Correctional Center.

Turning to Allen's § 1983 complaint, Allen has failed to pay the filing fee of $402—instead only paying the $5 habeas filing fee—and has failed to file a complete IFP application. 28 U.S.C. § 1914(a), (b); 28 U.S.C. § 1915(a)(1)–(2). This Court previously gave Allen "one extension of time to and including October 14, 2022 to file a complete IFP application" or pay the filing fee. (ECF No. 3.) In response, Allen filed a second incomplete IFP application. (ECF No. 10.) Indeed, this second IFP application lacks a signature by an authorized officer on the financial certificate and Allen's inmate trust fund account statement for the previous six-month period.

## C. CONCLUSION

IT IS THEREFORE ORDERED that Petitioner Derrick B. Allen's petition for writ of habeas corpus [ECF No. 9] **is DISMISSED without prejudice**.

IT IS FURTHER ORDERED that Petitioner's motion for leave to file second petition and motion for appointment of counsel [ECF Nos. 5, 7] **are DENIED as moot**.

IT IS FURTHER ORDERED that Petitioner's motion for leave to proceed in forma pauperis [ECF No. 10] **is DENIED as incomplete**.

IT IS FURTHER ORDERED that a certificate of appealability is denied, as jurists of reason would not find dismissal to be debatable or wrong.

IT IS FURTHER ORDERED that the Clerk of the Court is directed to informally electronically service Respondents under Rule 4 of the Rules Governing Section 2254 Cases by adding Nevada Attorney General Aaron D. Ford as counsel for respondents and sending a notice of electronic filing to his office of the petition [ECF No. 9], this order, and all other filings in this matter. No response is required from Respondents other than to respond to any orders of a reviewing court.

IT IS FURTHER ORDERED that the Clerk of the Court send a courtesy copy of this order to Petitioner Derrick B. Allen, inmate number 89571, at the Southern Desert Correctional Center, P.O. Box 208, Indian Springs, Nevada, 89070-0208.[2]

IT IS FURTHER ORDERED that the Clerk of the Court is directed to enter final judgment dismissing this action without prejudice and close this case.

DATED this 25 day of October 2022.

Gloria M. Navarro, Judge
United States District Court

---

[2] Petitioner's address in the docket appears to be his mother's residence in Henderson, Nevada.